PONDER, Judge.
This is a suit for workmen’s compensation benefits. The trial court rendered judgment in favor of plaintiff for 20 weeks of compensation, subject to a credit of 13 weeks already paid. The court ordered defendants to pay for corrective surgery for the plaintiff, provided such surgery was performed within 90 days, and awarded six weeks additional compensation for recuperation from the operation. Plaintiff has appealed.
Essentially, plaintiff claims the trial court committed the following errors:
1. Failure to find total and permanent disability;
2. Ordering the plaintiff to submit to surgery within 90 days as a condition of defendants’ paying for the operation;
3. Finding that plaintiff had been paid 13 weeks of compensation benefits;
4. Failure to award plaintiff penalties and attorney’s fees.
We amend and affirm.
Plaintiff was employed by defendant as a welder and burner. While in the course and scope of his employment, plaintiff sustained a traumatic amputation of the distal phalanx of his left ring finger. He was operated on that day and was off from work for approximately a month. He went back to work with a protective guard on his finger.
Two months later, plaintiff had another operation on the finger. He was absent from work for another three weeks. In a letter to Aetna Insurance Company dated March 2, 1974, he indicated his finger was not then causing him any problems. He requested that he be sent all compensation benefits to which he was entitled including medical payments. He continued to perform the same tasks he had been performing before the accident, until he quit some six months later.
TOTAL AND PERMANENT DISABILITY
Plaintiff claims total and permanent disability under the Workmen’s Compensation Act, because he has to work with substantial pain.
A worker may be totally disabled under the Act if he suffers substantial pain in attempting to perform the tasks required in his work. Welch v. Clemons Brothers Lumber Company, Inc., 262 So.2d 79 (La. App. 1st Cir. 1972).
However, we agree with the trial court that the plaintiff has not proved by a *274 preponderance of the evidence that he was working in substantial pain. He returned to work within a month after the accident, performing the same work he had done prior to the accident. A medical report by Dr. Carlton S. Faller, plaintiff’s treating physician, does indicate that the first surgery was not successful and a second operation was required. But the record is devoid of any substantial medical evidence that plaintiff was working with any significant pain after the accident.
After the operation of January 11, 1974, plaintiff was evidently feeling considerably better. His letter to Aetna on March 2 indicates that his finger was progressing satisfactorily. His work record, which was introduced into evidence, indicates that he was working many overtime hours. The trial court could reasonably conclude that plaintiff could not have achieved such a work record if the pain was as substantial as he claims.
Dr. I. I. Rosen, called by plaintiff to verify the claim of substantial pain, testified that the plaintiff did have severe pain which got progressively worse after the second operation.
Dr. Rosen’s testimony that he saw the plaintiff the day of the accident, and monthly thereafter for the following year, however, was contradicted by plaintiff who said that it was late 1974 or early 1975 before he ever saw Dr. Rosen. All the office cards for plaintiff’s visits to Dr. Ro-sen in 1973 and 1974 were lost. The court was not manifestly erroneous in failing to give credence to this testimony.
Neither is there sufficient credible lay testimony to require a finding of substantial pain. Mrs. Betty Cuccia, plaintiff’s wife, testified that her husband quit work because his hand was in pain; but she did not supply any details to corroborate this. Mr. Forrest Collette, a co-worker of plaintiffs at Kent Welding and Machine, testified he would not want to work with a man who did not have two good hands; but he said nothing to indicate that plaintiff was working in substantial pain. Mr. Wilson Cutrer, another one of plaintiff’s co-workers, testified that Cuccia would protest of pain at times when he hit the end of his finger. But his testimony as a whole does not support a finding of substantial pain.
Our courts have held that substantial pain sufficient to support a finding of total and permanent disability must be more than minor discomfort. Lavergne v. Southern Farm Bureau Casualty Insurance Co., 171 So.2d 751 (La.App. 3rd Cir. 1965). The record must clearly show that the plaintiff did in fact work in substantial pain. Tillman v. Hartford Accident & Indemnity Co., 314 So.2d 507 (La.App. 1st Cir. 1975), writ denied La., 320 So.2d 548. The trial court found that Mr. Cuccia had not carried his burden. We agree.
SUBMITTING TO SURGERY
Plaintiff claims that the trial court committed manifest error in ordering him to submit to corrective surgery on his finger within 90 days as a condition of defendants’ paying for the operation. Where the surgical procedure is relatively minor, the chances of success good and the risk to the patient minimal, the claimant is not reasonable in refusing the surgery. Thibodeaux v. Associated Distributing Company, Inc., 260 So.2d 46 (La.App. 3rd Cir. 1972), writ denied 262 La. 131, 262 So.2d 395.
Plaintiff claims that no firm offer of an operation was ever made by defendant. However, plaintiff has misinterpreted the court’s action. It has not ordered plaintiff to submit to an operation as a condition of receiving compensation for permanent disability. Instead it has ordered defendants to pay medical benefits and compensation payments for a recovery period of six weeks, if plaintiff chooses to have an operation performed within 90 days. While this procedure may be irregular, the burden imposed by the court is on the defendants, who have neither appealed nor answer the appeal. Under the judgment, plaintiff may elect not to have the operation performed; if he so elects the only benefits he foregoes is the medical expenses for the operation *275 and benefits for six weeks of temporary disability for recuperation. Under the court’s reasoning he will not have been disabled and will not incur any medical expenses. We therefore find no merit in this argument.
AMOUNT OF COMPENSATION PAID
Plaintiff complains that the trial court erred in finding he had been paid 13 weeks of compensation. The record reflects that defendants mailed checks for 13 weeks of benefits, but the plaintiff only cashed the checks for three weeks. Plaintiff contends that since compensation for only three weeks was paid to him prior to filing suit, the judgment should be subject to a credit of three weeks and not 13 weeks.
The fact that these checks were not offered to Mr. Cuccia until after suit was filed has no effect on the credit defendant is to be allowed. Plaintiff has received no advantage from failing to cash these checks. Cheeks for thirteen weeks of benefits were sent to plaintiff, and the judgment will be subject to a credit of this amount.
PENALTIES AND ATTORNEY’S FEES
Plaintiff claims that he is entitled to penalties and attorney’s fees for defendants’ arbitrary refusal to pay benefits. LSA-R.S. 22:658 provides that an insurer (including Workmen’s Compensation Insurer) shall be subject to penalties of 12% for failure to pay any claim due within 60 days after satisfactory proof of loss. The statute also provides that the insured shall pay reasonable attorney’s fees for the prosecution of the suit.
Our examination of the record convinces us that Aetna Insurance Company was arbitrary and capricious in failing to pay four weeks compensation within 60 days of proof that this award was due. On March 2, 1974, the plaintiff wrote a letter to Aetna requesting that he be paid his benefits for the time he was off due to the second operation. Aetna immediately replied, asking him to have the doctors fill out medical report forms. Dr. Faller filled out a medical form, which showed surgery had been performed on January 11; he further stated that plaintiff was not able to return to work until February 2, 1974.
Although the record does not show when Aetna received Dr. Faller’s report, it was dated March 26. No compensation payments were made, excluding the initial three payments in 1973, until October of 1974. We believe the failure of Aetna to pay plaintiff until October the three weeks’ compensation due for recuperation from the second operation, plus benefits for the first week after the injury under LSA-R.S. 23:1224,[1] was arbitrary and capricious. Aetna should have known by the first of April that plaintiff was due an extra four weeks worth of benefits. For failure to pay these benefits, they are therefore liable for 12% penalties.
Plaintiff is also entitled to reasonable attorney’s fees under the statute. We believe $600.00 is reasonable for the services rendered. See Landry v. State Farm Mutual Automobile Insurance Company, 298 So.2d 291 (La.App. 1st Cir. 1974), writ refused, La., 302 So.2d 25.
We further note that the trial court awarded plaintiff 20 weeks worth of benefits, apparently using the schedule for loss of an entire finger. Since the defendant has neither appealed nor answered the plaintiff’s appeal, we may not consider a reduction in benefits.
The judgment of the trial court is therefore amended to award plaintiff 12% penalties on $260.00 worth of benefits and $600.00 in attorney’s fees. In all other respects the judgment is affirmed. Defendants are cast with all costs.
AMENDED AND AFFIRMED.

. LSA-R.S. 23:1224. Payments not recoverable for the first week; exceptions
“No compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injury continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed.”