STOULIG, Judge.
Plaintiff, Sidney W. Freechou, has appealed a summary judgment dismissing his claim for workmen’s compensation benefits for an inguinal hernia he asserts totally and permanently disabled him.
The accident is alleged to have occurred on November 19, 1976, and according to a report plaintiff filed with his employer to assert this claim, plaintiff first told his employer of the injury on November 22, 1976. He first sought medical treatment for the injury on March 4, 1977. These facts are not controverted.
The trial court applied R.S. 23:1221(4)(q)(i) to the admitted facts and dismissed the suit. We quote the statute:
“In- all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.”
Appellant argues the trial court erred in applying a 30-day prescriptive period rather than the general provisions of R.S. 23:1209, which sets the limitation for compensation suits at no more than a year from discovery of the injury and, at most, two years from the time of the accident. As this court pointed out in Womack v. Pickett, 283 So.2d 852 (La.App. 2d Cir. 1973), the 30-day limitation is one of the standards of proof required in this type of claim. The legislature set the criteria of reporting the accident promptly and seeking medical treatment within 30 days as proofs a claimant must meet in order to collect workmen’s compensation for a hernia injury. Womack speculates that “ * * * perhaps the statute facilitates the disposition of hernia cases in which the problems of proof or disproof are often vexatious.”
Alternatively, plaintiff argues the statute violates the due process and equal protection clauses (LSA-Const.1974 Art. 1, § 2 and Art. 1, § 3) of the state constitution.
Plaintiff has failed to make a persuasive argument pointing up a property deprivation nor has he pointed out that this law does not affect all citizens similarly situated. We hold the 30-day requirement violates none of plaintiff’s bill of rights guarantees.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

REDMANN, J., dissents with written reasons.