PRICE, Judge.
David James Webb has appealed the judgment rejecting his claim against Tur-bex Construction Company and Arkansas Louisiana Gas Company for benefits under the workmen’s compensation statute.
The issues presented are whether the trial court committed manifest error in finding that plaintiff had not proven his disability resulted from an accidental injury while in the scope of his employment with Tur-bex, and secondly, if this issue is resolved favorably to plaintiff, is Arkla liable as a statutory employer of plaintiff.
We reverse the judgment denying benefits to plaintiff as against Turbex and affirm the judgment insofar as it dismissed the demands against Arkla.
The record shows that on July 5, 1977, plaintiff was employed as a laborer by Tur-bex in the performance of a contract to lay gas lines for Arkla in the city of Shreveport. In the early afternoon on this date, the Turbex foreman, Jerry Hislope, took plaintiff and another crew member, Roy L. Neighbors, Jr., to the residence of an Arkla official, Edward E. Bagley, to assist in the enlargement of a concrete patio. Plaintiff and Neighbors were instructed to wheelbarrow wet concrete mix from the front curb to the rear of the residence and to dump it into the forms which had been set for the patio construction. Plaintiff contends that while lifting a wheelbarrow to dump a load of the concrete mix, he felt a sudden pain in his back which caused him to spill some of the concrete outside of the forms on the grass. Plaintiff further contends he told his fellow worker, Neighbors, on the return trip to the street curb that his back was hurting. Plaintiff also contends he informed the Turbex foreman, Hislope, that he had hurt his back when Hislope came to pick plaintiff up after completion of the work.
The trial court, in its reasons for rejecting plaintiff’s demands, discredited the tes *791 timony of plaintiff as to the happening of the alleged accident on the court’s recollection that none of the persons who were present and who testified could recall seeing plaintiff spill a portion of a load of concrete other than his co-worker, Neighbors. The court did not have the transcript of evidence available at the time its opinion was rendered and apparently overlooked the testimony of Bagley, at whose residence the work was being done. Bagley, when asked under cross-examination if he had seen plaintiff spill a load of concrete, testified as follows:
Yes sir, I was on the patio and he was near the form and when he dumped the concrete out, some got on the grass — the biggest part went into the forms.
The trial court also relied on the testimony of the Turbex foreman, Hislope, that plaintiff told him the day following the alleged accident that an injury he had received while working for Bill Hanna Ford was causing him back pain. Plaintiff denied making this statement to Hislope. The evidence shows plaintiff had not worked at Bill Hanna Ford since July 14, 1976, and that although he had visited a company physician for a strained muscle in his back in March 1976, this injury did not cause him to lose any time from work, and he did not experience any further symptoms after two or three days. No claim for compensation was made in regard to the incident. Plaintiff’s supervisor at Bill Hanna Ford testified plaintiff was a good worker and he was able to perform his work without any indication of physical disability the entire time he was employed, and he was not even aware plaintiff had suffered an injury.
The evidence further shows that plaintiff began working for Turbex on June 14,1977, doing manual labor requiring considerable lifting. There is no indication that he was not able to perform his work without complaint of back pain prior to the date of July 5, 1977. It is significant he was unable to work without experiencing pain on reporting for work the date of July 6, which was noticed by Hislope.
Plaintiff did not work July 7 and attempted to see a doctor at Barksdale Air Force Base. (Plaintiff was eligible for treatment at the air base as the nineteen-year-old son of a retired air force member.) He was unable to obtain an appointment until the following week. On Friday, July 8, plaintiff reported to work and at the end of the day was given a termination notice along with his weekly paycheck.
On Monday, July 11, plaintiff consulted Dr. Kenneth Murdock at Barksdale in regard to the continued pain in his back and gave a history of having injured his back while lifting cement. He was referred to an orthopedic surgeon at the base hospital, Dr. Ernesto Nieto, who also took a history. Dr. Nieto’s medical records reflected that plaintiff stated he injured his back while lifting cement bags. We do not consider the reference to cement bags rather than a wheelbarrow of concrete mix to be a contradiction of any significance as there is no evidence plaintiff had worked in relation to cement at any other time than the afternoon of July 5, when he contends the injury occurred.
Although we are reluctant to reverse a trial court on a question of fact, we consider the preponderance of the evidence in the instant matter shows plaintiff did sustain the alleged injury and resulting disability during his employment with Turbex on July 5, 1977.
Plaintiff’s testimony is in all respects corroborated by his fellow worker, Neighbors. Although Neighbors was an acquaintance who also began working at Turbex at the same time as plaintiff, there is nothing to show his testimony lacks credibility. Plaintiff’s testimony is further supported by the admission of Bagley that he saw the spillage of concrete; by the coincidence of the commencement of back pain only after performing the very strenuous work of hauling concrete mix in a large construction-type wheelbarrow on the alleged date of injury; and by the history given to the medical doctors the week following the alleged injury.
*792 Although it is true that none of the other persons other than Bagley, who were assisting with the work on the patio could recall seeing plaintiff spill any concrete or scolding him for wasting the cement as contended by plaintiff, this is understandable because of the time which elapsed before trial and the conditions which existed on the afternoon of the alleged incident. The evidence shows they were working at a fast pace because of threatening rain and the fact that the wet concrete was hardening very quickly on this hot July afternoon. This is particularly demonstrated by the fact that one of the cement finishers who testified could not even recognize plaintiff as being one of the persons working on that afternoon.
The testimony of Hislope, which is contradictory to that of plaintiff, does not overcome the strong presumption created by the evidence showing plaintiff able to do heavy work prior to July 5, and immediately thereafter unable to do so without substantial pain.
For these reasons we find plaintiff sustained his burden of proving the accidental injury to his back while employed by Turbex, and that the trial court was manifestly in error in concluding otherwise.
The circumstances shown do not establish that plaintiff was a statutory employee of Arkla. La.R.S. 23:1061 provides in pertinent part:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; . . . . [emphasis added]
It is essential that for the statutory employee relationship to exist between Arkla and plaintiff it must be shown that the work being performed by plaintiff was a part of the trade, business, or occupation of Arkla. The construction work on the patio of a private residence of an Arkla employee or official does not meet this test. The evidence clearly shows the work was for the personal benefit of Edward E. Bagley and had no connection with the trade or business of Arkla and was not related to the work for which Arkla had contracted with Turbex to perform. Therefore, plaintiff’s demands against Arkla were properly rejected.
The medical evidence in the record shows plaintiff’s continued complaints of pain when performing manual labor were probably caused by a herniated lumbar disc at the L5-S1 level on the right. The medical reports of Dr. Carl Goodman, an orthopedic surgeon who last treated plaintiff, were introduced into evidence by agreement in lieu of taking his testimony. The latest report, dated January 6, 1978, summarizes plaintiff’s physical condition and resulting disability as follows:
This young man returns to my office because of persistent pain in the back and right leg. He says he has been unable to get a job or work since his last visit in August. He continues to have marked disability in the back and right leg with persistent numbness in the lateral border of the right foot and some instability in the right knee. He says that the right knee gives way 3-4 times daily. No swelling or pain in the knee. His back and right leg pain are eccentuated by hard cough or sneeze. He denies any GU or GI symptoms.
******
It is my impression from the above that this man probably has an extruded L5-S1 lumbar disc on the right and will probably need surgery to fully recover. A myelogram was advised in the near future. This man definitely remains disabled from performing any type of physical work and probably will never be rehabilitated until he undergoes surgery.
*793 Plaintiff testified that he obtained employment with U-Haul Company after his discharge from Turbex, but could not perform the work because of extensive pain and was forced to quit after a week. He thereafter obtained disability payments under Social Security and has enrolled at the Louisiana Vocational Technical School in Shreveport studying to become a barber.
Turbex has offered no evidence to rebut the medical report of Dr. Goodman or plaintiff’s testimony that he remains disabled from performing any type of physical work until such time as corrective surgery is performed. Plaintiff testified he is willing to undergo the recommended myelogram and possible surgery, but has not had it done because of financial inability.
The foregoing evidence, standing uncontradicted, shows plaintiff was at the time of trial totally disabled to perform any gainful employment and entitled to the benefits provided by La.R.S. 23:1221(2).
Plaintiff has urged a claim for penalties and attorney fees. The circumstances shown, however, do not indicate that the failure to pay the amount of the claim due was arbitrary, capricious, or without probable cause as is required under La.R.S. 23:1201.2 to warrant such an award as the evidence supports the existence of a valid dispute between the claimant and the defendant concerning the cause of claimant’s disability, and therefore, no penalties and attorney fees can be assessed. See Roberson v. Liberty Mutual Insurance Company, 316 So.2d 22 (La.App. 3d Cir. 1975).
For the reasons assigned, the judgment of the trial court is affirmed as to defendant, Arkansas Louisiana Gas Company. Further the judgment of the trial court is reversed as to defendant, Turbex Construction Company, and accordingly there is judgment in favor of plaintiff, David James Webb, and against Turbex Construction Company for compensation at the rate of $80.00 per week [66% percent times $120 ($3.00 per hour wage times 40 hour work week)], beginning the 5th of July 1977, and continuing for the period of such disability with interest at the rate of 7 percent per annum on each past due installment from due date until paid, and it is further ordered that all accrued amounts with interest be paid in a lump' sum; that plaintiff have judgment for all necessary past medical expenses; that plaintiff’s right to recover all necessary future medical expenses be reserved unto him; that plaintiff’s claim for penalties and attorney fees be rejected; and that all costs of this appeal are assessed to defendant, Turbex Construction Company.