CIACCIO, Judge.
This is an action by an employee against his employer to recover workmen’s compensation benefits, attorneys fees and penalties for injuries he allegedly sustained while engaged in the course and scope of his employment. R.S. 23:1021 et seq. After a trial on the merits, the trial court awarded the plaintiff workmen’s compensation benefits at the rate of $95.00 per week for twelve weeks and medical expenses of $1,100. The plaintiff appeals the judgment.
The facts are brief and uncontested. The plaintiff had been employed by the defendant company for thirteen years. He was employed as a truck driver at the time of the accident. His duties consisted of driving a truck and loading and unloading light and heavy supplies from the vehicles. On the date of the accident, November 19, 1976, the plaintiff was working in the vicinity of Airline Highway and Shrewsbury Road. He was carrying a gas cylinder across a set of railroad tracks when he slipped and fell, injuring his left groin area. Following the accident plaintiff took a half hour rest and then completed his work day.
He experienced pain over the weekend and reported the injury when he returned to work on Monday. His supervisor advised him to see a doctor but plaintiff did not seek medical attention until three and one-half months later. In the interim plaintiff carried out his normal work duties but he was routinely furnished with a helper to assist him with those assignments that required him to lift very heavy objects.
The plaintiff visited Dr. William A. Roy, the company physician, on one occasion, March 4, 1977, some three and one-half months after the accident. After an examination, Dr. Roy diagnosed the plaintiff’s injury as a left inguinal hernia. Dr. Roy recommended surgery to alleviate the condition.
On March 28,1977 the plaintiff visited his personal physician, Dr. Patrick Breaux, for a routine medical examination. Dr. Breaux, a cardiologist and internist, had treated the plaintiff for seven years for heart disease. At the time of the visit Dr. Breaux confirmed Dr. Roy’s diagnosis that the plaintiff was suffering from an indirect inguinal hernia of the left side. He also *240 reaffirmed the plaintiff’s heart condition as a prior arteriosclerotic angina and prior myocardial infarction. He prescribed medication for the heart condition and advised plaintiff to lose weight.
The plaintiff continued his work duties with his employer and continued the treatment prescribed by Dr. Breaux. In August, 1977 the plaintiff took a medical leave of absence due to his heart condition. He had an angiogram in mid-year, 1978, and underwent successful open heart surgery in October, 1978. The plaintiff never underwent the corrective hernia surgery. He never returned to work. He was paid no workmen’s compensation benefits nor medical expenses during this period.
This appeal presents two issues for our consideration. The first issue is whether the plaintiff is entitled to temporary total disability compensation benefits from August, 1977, the occasion of his medical treatment and diagnosis, until 1980, when the plaintiff was given medical permission to undergo the hernia operation after his cardiac surgery. The second issue is whether the plaintiff is entitled to penalties and attorney fees for the defendant’s refusal to pay workmen’s compensation. The issues will be addressed separately.
The plaintiff contends, with regard to the duration of his compensation benefits, that he should be entitled to benefits from August, 1977 until 1980. He reasons that the employer takes the employee as he finds him and, because the hernia condition was superimposed upon a pre-existing heart condition, that the plaintiff was disabled from the time of the accident until the time after heart surgery, when his hernia operation could be safely performed.
The employee in a workmen’s compensation action must establish by a preponderance of the evidence that he received a personal injury arising out of and in the course of his employment and that a casual relationship exists between his disability and the accident. R.S. 23:1021, 1031. Parks v. Insurance Company of North America, 340 So.2d 276 (La., 1976).
In this case, the record clearly supports a finding that the plaintiff’s indirect hernia on the left side arose out of and in the course of his employment.
Although the employer takes the employee as he finds him, a workman’s pre-existing condition is only compensable where it has been aggravated or accelerated by a work related accident. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La., 1978). The record is devoid of evidence that would support a finding that the plaintiff’s heart condition was aggravated or accelerated by the accident which he sustained on November 19, 1976. To the contrary, the record clearly establishes that the plaintiff’s heart condition was relatively stable through 1977 and that the angina did not occur with any frequency until 1978, some eighteen to twenty months after the accident.
In essence, the plaintiff contends that the duration of his disability was extended because his heart condition precluded him from having the corrective hernia surgery.
The facts do not bear out plaintiff’s argument. The hernia surgery had been recommended by Dr. William Roy on March 4, 1977. Dr. Breaux, the plaintiff’s treating cardiologist, testified that at the time he initially examined the plaintiff in March, 1977 up until 1978, when the plaintiff began to have exacerbated coronary symptoms, that it would not have been an undue risk for the plaintiff to undergo hernia surgery. The record reflects that the plaintiff did not avail himself of the opportunity to have the corrective hernia surgery at a time when his heart condition would have permitted its safe performance.
It is well established that where a surgical procedure is relatively minor, the chances of success good, and the risk to the patient minimal, a claimant is not reasonable in refusing the surgery. Cuccia v. Kent Welding and Machine, Inc., 343 So.2d 272 (La.App., 1st Cir., 1977), writ den. 345 So.2d 62. The plaintiff did not act reasonably when he failed to undergo the corrective surgery at the time it was recommended. *241 Furthermore, he had over a year following the accident in which to have the operation safely completed, but he failed to do so. He cannot now complain that his period of disability was extended as it resulted from his own lack of diligence.
The plaintiff next argues that the defendant acted in an arbitrary and capricious manner when it refused to pay him workmen’s compensation and medical expenses for his injury of November 19, 1976, thereby entitling plaintiff to recover attorney’s fees and penalties. R.S. 23:1201.2.
Where an employer’s defense in a compensation case is a serious defense presented in good faith, it is improper for the trial court to award penalties and attorney fees against the employer. Webb v. Turbex Const Co., 368 So.2d 789 (La.App., 2nd Cir., 1979). In the instant case the defendant moved to have the case dismissed because the employee was not seen by a physician within thirty days of the accident. R.S. 23:1221(4)(q)(i). The trial court granted summary judgment on this basis and this court affirmed on appeal. 373 So.2d 195. The Louisiana Supreme Court found the statute to be ambiguous, reversed both judgments, and remanded for trial. The Supreme Court interpreted the statute to mean that a workman must see a physician within 30 'days of such prompt report if timely advised or instructed to do so by his employer. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La., 1980).
The defendant believed it had a reasonable basis for refusing to pay any compensation benefits, and did not learn to the contrary until judgment was rendered by the Supreme Court. Under these circumstances, we find that the defendant’s actions in refusing to pay the plaintiff workmen’s compensation were not “arbitrary and capricious”. The trial court did not err in its refusal to grant attorney fees and penalties because defendant had a serious defense presented in good faith.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.