SAVOIE, Judge.
This is a workmen’s compensation claim by plaintiff, JoAnn Cornelius, who asserts she became disabled by an on-the-job aggravation of a pre-existing non-disabling injury. The trial judge denied any compensation benefits, stating that whatever discomfort or disability the plaintiff suffered was directly related to her pre-employment injury. He further stated, that in his opinion, her injury was merely a flareup and a successive episode directly flowing from her original pre-employment injury. She appeals.
In November, 1980, approximately four to five months after Ms. Cornelius commenced employment with Dow Chemical Corporation (Dow), she began having neck spasms and experienced difficulty in lifting heavy objects. She claims she experienced a very sharp pain from her neck into her shoulder and lower back when she attempted lifting the “sleeve on the chute.” She went to the company physician, Dr. Currier, who placed her on “light duty” and referred her to a neurosurgeon, Dr. Hanchey. Dr. Hanchey recommended that Ms. Cornelius take a myelography to determine the cause of her pain. Subsequently, Ms. Cornelius was referred to another neurosurgeon, Dr. Flynn, who suggested that she take an elec-tromyogram (EMG). She testified that she refused to take the myelograph or EMG because it would have entailed her taking off work and having her pay docked for that period. Dow then offered her a secretarial position, which was commensurate with her current physical capabilities. The position’s salary was approximately one-third less pay than she was currently receiv *88 ing. Ms. Cornelius refused the position, stating that she could not live on that salary. Thereafter, she terminated her employment with Dow.
Plaintiff asserts that the trial court erred in denying her workmen’s compensation benefits for an on-the-job aggravation of a pre-existing non-disabling injury.
L.S.A.-R.S. 23:1031 provides in pertinent part:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.... ” (Emphasis added).
As such, a condition precedent to any claim under Workmen’s Compensation is that there be an “accident” which causes the injury claimed.
Accident is defined as an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing objective symptoms of an injury at the time. L.S.A.-R.S. 23:1021(1). However, the term “accident” must be interpreted liberally in favor of the injured employee. L.S.A.-R.S. 23:1317; Lay v. Allied Chemical Corporation, 340 So.2d 1076 (La.App. 1st Cir.1976); and Geist v. Martin Decker Corporation, 313 So.2d 1 (La.App. 1st Cir.1975). Claimants must establish by a preponderance of the evidence that they received a personal injury arising out of and in the course of employment and that a causal relationship exists between the disability and the accident. Freechou v. Thomas W. Hooley, Inc., 413 So.2d 238 (La.App. 4th Cir.1982). However, when the performance of the usual and customary duties of a workman cause or contribute to the physical breakdown, statutory requirements for an accidental injury are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); see also Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
In the instant case, the trial court found as a matter of fact, that Ms. Cornelius had not proved that the injury sustained was aggravated by an “accident.” Neither does the record support any conclusion that Ms. Cornelius’ usual or customary duties caused or contributed to her physical breakdown. On the contrary, by her own admission, she testified that her injury was not the result of an “accident.” Rather, she claims that it was a gradual disabling condition.
The record reflects that Ms. Cornelius sustained neck injuries in a marital dispute prior to her employment with Dow; that she experienced neck spasms prior to her employment with Dow when employed as a secretary for Worthington Service; and that the severe spasms herein complained of occurred while she was doing very light work. Further, Ms. Cornelius failed to file an accident report after the alleged incident even though she knew of the requirement to do so. Additionally, she stated to Dr. Currier and Dr. Hanchey that her injury was not “accident related.” Under these circumstances, a credible trier of fact could have reasonably concluded that Ms. Cornelius’ condition was neither caused nor aggravated by her employment at Dow.
The trial court is to be accorded great weight in its findings of fact, and will only be reversed when such findings are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We may not substitute our own evaluations and inferences for the reasonable evaluations and inferences of the trier of fact unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); and Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ refused, 392 So.2d 690 (La.1980). We find no manifest error in the trial court’s determination that plaintiff had not suffered an “accident” within the meaning of Louisiana Workmen’s Compensation laws.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiff, Ms. Cornelius, is to pay all costs.
AFFIRMED.