WILLIAMS, Judge.
Plaintiff, Lloyd Jones, appeals from the trial court’s decision maintaining defendant’s, American Marine Corps, exception of prescription thereby dismissing plaintiff’s, claim for worker’s compensation payments. The trial court continued indefinitely the issue of medical payments. We affirm the trial court’s decision and dismiss plaintiff’s claim insofar as worker’s compensation payments.
Plaintiff filed suit on December 8, 1982, for worker’s compensation and medical benefits for a back injury arising from a work-related injury sustained on April 13, 1980. American Marine Corp. paid weekly compensation benefits under the Longshoremen’s & Harbor Worker’s Compensation Act (LHWCA) in the amount of $106.57 until August 28, 1981, and medical *550 expenses until a disputed and undetermined date in December of 1981. On January 21,1982, following termination of benefits, plaintiff was involved in a non-work related automobile accident which he alleged aggravated the pre-existing work-related injury causing permanent disability. Plaintiff filed suit in Civil District Court on December 8, 1982, for worker’s compensation benefits and defendant filed an exception of prescription on the grounds that plaintiff’s petition was filed more than one year from both the date of the last weekly compensation payment and the medical payments. The exception was maintained dismissing plaintiff’s claim for compensation benefits. Plaintiff has appealed alleging that the trial court erred in dismissing his claim for worker’s compensation benefits and additionally, erred in failing to use January 21, 1982, the date plaintiff aggravated his back condition, or December 14, 1981, the date the plaintiff alleges as the date of the last payment for medical expenses, as the commencement date for purposes of prescription.
Defendant answered the appeal by asserting that plaintiff has lost his right of action through prescription because: (1) the prescriptive period applicable to an injury the nature of which is immediately apparent is one year from date of last compensation payment; (2) prescription was not interrupted by a non-employment related intervening car accident; and (3) prescription as to weekly compensation benefits is not interrupted by payment of medical expenses.
In support of his contention that the date of the non-work accident should be used as the commencement of the prescriptive period, plaintiff relies primarily on the Supreme Court decision, Bolden v. Georgia Casualty & Surety Co., 363 So.2d 419 (La. 1978). In Bolden, the plaintiff suffered a work-related injury, diagnosed as low-back strain in May of 1974. Subsequently he was treated and was medically discharged in August of 1974, yet additional symptoms of the actual cause of pain and disability manifested themselves in April of 1975. Plaintiff underwent surgery resulting in the removal of a herniated disc in September, 1975, and brought suit March, 1976, within one year of the manifestation of the injury, but greater than one year after the last compensation or medical payment. In that case, the court found that the claim had not prescribed because it was not until April of 1975 that symptoms had sufficiently manifested themselves. Plaintiff argues that the present case closely parallels Bol-den in that the prescription for compensation benefits should run from the date of the aggravation or re-occurrence of the original work-related injury, January 21, 1982. We disagree. We believe that the rule enunciated in Bolden implies a test applicable to different factual issues than those at hand.
In Bolden the plaintiff evidently received two traumatic injuries, one being the immediate lower back injury and the other being the herniated disc which did not manifest itself until April of 1975, thereby commencing prescription on the latter injury. Bolden, therefore, involves a “developing injury” as set forth in La.R.S. 23:1209. A developing injury is one which “does not result at the time of, or develop immediately after the accident,” but manifests later. In such cases, prescription does not begin until the expiration of one year from the time the injury develops. La.R.S. 23:1209. Plaintiff Young’s injury developed immediately after the injury, plaintiff timely reported the accident and injury, and received benefits. It does not fall into the developing injury rule as set forth in La.R.S. 23:1209 and the applicable prescriptive period would be one year from last payment of compensation payments.
Additionally, plaintiff alleges that the cause of his present disability is the aggravation of his previous work-related injury and this should serve to interrupt prescription. The aggravation of plaintiff’s injury, however, was the result of a non-work related automobile accident and in order for the aggravation of a pre-exist-ing injury to be compensable, and thus interrupt prescription on the previous inju *551 ry, the intervening accident must be work-related. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978); Freechou v. Thomas W. Hooley, Inc., 413 So.2d 238 (La.App. 4th Cir.1982).
Furthermore, the Louisiana Supreme Court has held that:
If an accident causes a disability from which a workman would have recovered except for further disability produced by a separate, intervening cause, there is no liability for compensation beyond the disability produced by the job-related accident. Haughton v. Fireman’s Fund American Ins. Companies, 355 So.2d 927, 928 (La.1978).
In sum, in order for the plaintiffs injuries to be compensable they must be causally related to an on the job accident. Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2d Cir.1977). Clearly the plaintiffs injuries were not. Plaintiffs work-related injuries were in no way related to the occurrence of the automobile accident, nor did the accident occur in the course and scope of his employment. As the two events were completely unrelated, the non-work related accident does not interrupt prescription as to the compensable work-related accident.
In his original brief, plaintiff asserts that December 14, 1981, the date of the last payment of medical expenses should be considered as the commencement for prescription purposes. This argument is without merit as La.R.S. 23:1209 states in part:
In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made.... Where such payments have been, made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.
It is well established that the payments referred to in the statute are weekly compensation benefits, the payment of medical expenses does not interrupt prescription. Fontenot v. South Central Bell Telephone Co., 422 So.2d 695 (La.App. 3d Cir.1982). Therefore, since the compensation benefits were paid, the prescription of one year from the date of the last compensation payment, August 28, 1981, applies.
For the foregoing reasons the judgment of the trial court is AFFIRMED.
AFFIRMED.