572 So.2d 835 (1991)
Jerry W. STERLING
v.
INSURANCE COMPANY OF PENNSYLVANIA, et al.
No. 90-C-2064.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 1991.
John W. Lindner, II, Todd R. Thomas, Adams & Reese, New Orleans, for defendants-relators.
David C. Treen, Ethel H. Cohen, Deutsch, Kerrigan & Stiles, New Orleans, for plaintiff-respondent.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
The issue is whether the payment of compensation and medical benefits for more than five years constitutes a waiver of C.C.P. Art. 561 abandonment of the pending lawsuit.[1]
*836 On March 6, 1985 plaintiff filed a workers' compensation suit. Apparently trial was scheduled for April 30, 1985; however, on April 29, 1985 defendants filed a motion to continue the trial date indefinitely for the stated reason that they agreed to pay compensation and medical expenses. On May 17, 1985 defendants filed an answer to plaintiff's supplemental petition.
The defendants paid total and permanent disability benefits and medical expenses from the time of the trial's continuance until August 22, 1990. Plaintiff filed a motion to set the matter for trial on October 9, 1990. On October 15, 1990 the defendants filed a motion to dismiss the lawsuit based on abandonment under C.C.P. Art. 561. The trial court denied the motion (without Reasons) and defendants filed this application.
Former C.C. Art. 3519 is the source of C.C.P. Art. 561. Article 3519 provided, in pertinent part:
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
"Thus, both historically and theoretically, the rule on abandonment of actions is a species of liberative prescription, separate and distinct from the prescription of the substantive claim itself." Melancon v. Continental Casualty Co., 307 So.2d 308, 311 (La.1975). See Chevron Oil Co. v. Traigle, 436 So.2d 530, 535 n. 4 (La.1983).
Jurisprudence under Article 3519 recognized an exception to the presumption of abandonment where "a defendant takes any action in the case inconsistent with an intention to have the demand treated as abandoned, [in which case] he waives his right to have the abandonment decreed." C.C.P. Art. 561, comment (c) (1960). In Melancon v. Continental Casualty Co., the Supreme Court said:
As noted in the original comments appended to article 561, two early exceptions to the five-year rule of abandonment contained in article 3519 were recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waives his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See La. Code Civ.P. art. 561, comment (c) (1960) and the authorities cited therein. Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescription does not run against one who is unable to interrupt it..., and (2) prescription may be interrupted by acknowledgment.

... The redaction comments ... indicate that the jurisprudential concept of waiver appended to article 3519 was limited to those instances where the defendant had taken some formal step in the defense of the suit within the five-year period of plaintiff's inaction; thus, he was considered to have indicated an intent not to treat the suit as abandoned and was not permitted to plead abandonment.
Id. at 311 [emphasis added].
That concept was retained when the abandonment article moved from the Civil Code to the Code of Civil Procedure, when the rule was amended to provide for abandonment when the "parties fail to take any steps in (the) prosecution or defense" of the action. Melancon v. Continental Casualty Co., at 312; Chevron Oil Co., at 534.
Because the abandonment concept works as a form of liberative prescription, and this application concerns the Workers' Compensation Act, it is appropriate to review jurisprudence relative to the question of prescription.
R.S. 23:1209 provides, in pertinent part:
(A) In case of personal injury ..., all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed *837 upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed.... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.... [Emphasis added.]
See also Young v. American Marine Corp., 458 So.2d 549 (La.App. 4th Cir.1984); Bouillion v. Sam Broussard Trucking Company, Inc., 525 So.2d 628 (La.App. 3rd Cir.1988).
In Young this Court upheld the dismissal of plaintiff's claim for workers' compensation benefits where suit was filed more than one year following the last payment of benefits.
In Bouillion the plaintiff was injured in February, 1983. The employer paid medicals until June 28, 1985 but never paid compensation benefits. Plaintiff filed suit on June 24, 1986 for medicals and workers' compensation benefits. The employer filed a motion for summary judgment which was granted based on prescription. The Third Circuit held that prescription as to the medical expenses had been interrupted by the payments, and because suit was filed within one year of the last payment plaintiff's claim for medical expenses had not prescribed.
In this case, payment of compensation and medicals by defendants is totally inconsistent with any intent to treat the case as abandoned. Defendants continued the trial date "indefinitely", voluntarily acknowledged an obligation, and made monthly payments for more than five years. Each payment was a continuing waiver of defendants' right to plead abandonment because that action (payment) is inconsistent with an intent to treat the case as abandoned. The defendants effectively waived the necessity for plaintiff to take "any step in the prosecution of his claim".
In the real world of trial practice, plaintiff had no reason to file a motion for trial or take any other action while defendants were fulfilling their agreement to pay. A motion to set for trial would have been premature, if not frivolous.
It would be unconscionable to permit compensation payments to be paid for more than five years, then have plaintiff's lawsuit summarily terminated as "abandoned".[1]
The trial court properly denied the motion to dismiss.
WILLIAMS, J., concurs with written reasons.
WILLIAMS, Judge, concurring.
I concur in the denial of relator's application for supervisory relief. The result of the trial court's judgment is just, equitable and in the interest of judicial economy.
Even if plaintiff's suit was abandoned as a legal consequence of the parties' "failure to take any step in its prosecution or defense in the trial court for a period of five years," plaintiff would only have lost his right to continue in the prosecution of the present suit. See LSA-C.C.P. art. 561. Plaintiff would not be prevented from bringing another worker's compensation suit against defendants based upon the same injuries and accident described in this suit, as under LSA-R.S. 23:1209, his cause of action has not prescribed. See LSA-C.C. art. 3463; See also Batson v. Cherokee Beach and Campgrounds, 530 So.2d 1128 (La.1988).
NOTES
[1] C.C.P. Art. 561 states, in pertinent part:

A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ...
* * * * * *
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
[1] The author is aware that plaintiff's claim has not prescribed; however, the issue here is abandonment, not prescription.