1 iCANNELLA, Judge,
dissenting.
The hearing officer found that plaintiff filed a claim in 1989 [within the prescriptive period of R.S. 23:1209(A) ], but that the claim was abandoned because she failed to request a hearing and final determination within five years of the filing. However, under the jurisprudence the claim is not abandoned if the defendant takes any action in the case inconsistent with an intention to have the demand treated as abandoned, such as payment of compensation benefits and medical expenses. See: Sterling v. Insurance Co. Of Pennsylvania., 572 So.2d 835 (La.App. 4th Cir.1991). Since defendant here paid indemnity benefits until 1993 and continues to pay medical expenses, the claim is not abandoned. Further, since plaintiff filed a claim in 1989, as found by the hearing officer, the “developing injury” prescription period applies. Under La. R.S. 23:1209, plaintiff has one year from the date that the injury develops to file suit, but in no case more than two years from the date that proceedings have been begun. The jurisprudence holds that the injury develops when disability occurs.
In this ease, proceedings were begun in 1989 and the disability occurred on January 10, 1995. Notably, plaintiff had returned to work between 1993 and 1995, when her knee deteriorated to such a point that surgery was required and she was declared disabled. Although Dr. Parnell may have indicated in 1992 that she had reached maximum medical ^improvement, plaintiff was not disabled until 1995. From 1993 to 1995, it would have been fruitless to file a claim for indemnity benefits since she was employable according to Dr. Parnell. In addition, prior to 1993 plaintiff could not have filed anything because defendant was paying both indemnity and medical benefits. Under these facts, defendant had notice of the injury. Further, the decision of the hearing officer and the majority on appeal places plaintiff in an untenable position. Accordingly, I would reverse the judgment granting the exception of prescription.