492 So.2d 213 (1986)
Thomasine FRANCOSI
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. CA-5148.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 1986.
Writ Denied October 17, 1986.
Judith A. DeFraites, Gertler & Gertler, New Orleans, for plaintiff-appellant Thomasine Francosi.
George W. Byrne, Jr., New Orleans, for defendant-appellee South Cent. Bell Telephone Co.
Before GULOTTA, KLEES and BYRNES, JJ.
KLEES, Judge.
This appeal arises from a summary judgment dismissing plaintiff's action for worker's compensation benefits and medical payments. Plaintiff, Thomasine Francosi, had been employed as a maintenance administrator by the defendant, South Central Bell Telephone Company (hereinafter, South Central Bell). Prior to and during her employment with the defendant, plaintiff suffered from angioneurotic edema, a nervous disorder. On November 8, 1983, *214 Ms. Francosi's employment with the defendant was terminated for excessive absenteeism.
Subsequently, Ms. Francosi filed a claim with the Office of Worker's Compensation, alleging that she was totally and permanently disabled as a result of the nervous disorder from which she suffered. Plaintiff further alleged that the nervous disorder was caused by the stress of her employment. The Office of Worker's Compensation issued its recommendation of Ms. Francosi's claim on August 21, 1984. Plaintiff received the recommendation by certified mail on August 27, 1984. This recommendation was rejected by the plaintiff, and the Office of Worker's Compensation issued a certificate dated October 1, 1984 indicating rejection of the recommendation.
On December 3, 1984, plaintiff instituted the present action, seeking worker's compensation benefits. South Central Bell filed a motion for summary judgment arguing that plaintiff's cause of action had prescribed. The trial court granted defendant's motion for summary judgment and dismissed plaintiff's petition. Plaintiff now appeals arguing that the trial court erred in finding that plaintiff's claim for benefits had prescribed and in dismissing her claim for medical payments.
Plaintiff, in rejecting the Office of Worker's Compensation's recommendation, became subject to LA.R.S. 23:1311.[1] This statute provides that when any party rejects the recommendation made by the Office of Worker's Compensation, the employee seeking worker's compensation benefits must file a verified petition in a district court of competent jurisdiction within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, which ever occurs last.
The general rule under R.S. 23:1209[2] is that an employee has one year from the date of the accident to file an action for worker's compensation benefits. Where the injury does not develop immediately, the employee has one year from the time that disability develops to bring suit, but in all such cases, suit must be brought within two years of the accident. Fontenot v. South Central Bell Telephone Company, 422 So.2d 695 (La.App. 3rd Cir., 1982). If the employee can prove that he or she ceased work or was terminated due to the disability, the date of termination from employment will be viewed as the date the disability arose. Faucheux v. Hooker Chemical, 440 So.2d 1377 (La.App. 5th Cir. 1983), writ denied, 444 So.2d 1238 (La. 1984), writ granted, 444 So.2d 1251 (La. 1984), writ withdrawn, 459 So.2d 498 (La. 1984).
In the present case, the plaintiff alleges that her injury developed on October 18, 1983. She also alleges that her nervous disorder was one of the reasons for her termination on November 8, 1983. Thus, *215 plaintiff had one year from November 8, 1983 to bring her action. Suit was not filed until December 3, 1984, approximately one year and one month after termination.
Plaintiff, however, argues that the other time period allowed under R.S. 23:1311 is applicable. She contends that the statute granted her sixty days from receipt of the certificate indicating rejection of the recommendation to file an action for worker's compensation. However, the statute specifically provides that the sixty day extension runs from the "receipt of the recommendation." Plaintiff received the recommendation on August 27, 1984. Plaintiff's suit, thus, should have been filed on or before October 26, 1984. Further, the record disloses that the certificate indicating rejection was dated October 1, 1984. Therefore, plaintiff had the ability to file her verified petition, with the certificate attached, at least three weeks prior to the prescription running on her cause of action.
Accordingly, for the foregoing reasons, we conclude that the trial court did not err in finding that plaintiff's action for worker's compensation benefits had prescribed.
Plaintiff further argues that the trial court erred in dismissing plaintiff's claims for medical benefits. Defendant, South Central Bell, does not dispute that plaintiff is entitled to recover her past medical expenses under L.S.A.-R.S. 23:1203(A).[3]
The Louisiana Supreme Court has recently held that the prescriptive periods provided in LSA-R.S. 23:1209 are not applicable to claims for medical expenses. Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985). In Lester, the Court applied the liberative prescriptive period of ten years provided for in La.C.C. Article 3499 (formerly C.C. Article 3544 (1870), after finding that no provision of the Worker's Compensation Law provided a prescriptive period for claims for medical expenses.
Thus, we find that the trial court did err in dismissing plaintiff's claim for medical expenses.
Accordingly, for the foregoing reasons, the judgment of the trial court dismissing petitioner's claim for worker's compensation is affirmed. The judgment of the trial court dismissing petitioner's claim for medical expenses is reversed and this matter is remanded to the trial court for a determination of plaintiff's claim for medical expenses.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
[2] In case of personal injury including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident.
[3] In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public or private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available.