WILLIAMS, Judge.
This is an appeal by plaintiff Victor Vess from a decision by the trial court dismissing plaintiff’s suit.
Plaintiff asserts that he was injured while employed by defendant Strahan Painting Company [“Strahan”]. Plaintiff filed a notice claim with the Office of Worker’s Compensation Administration [“Administration”]. On January 15, 1985, Strahan’s insurer and co-defendant Employers Insurance of Wausau [“Wausau”] received notice of the recommendation of the Administration; plaintiff received notice on January 21,1985. Plaintiff rejected the recommendation on January 23, 1985. Plaintiff filed suit against defendants on April 23, 1985. Defendants filed an exception of prescription which was maintained by the trial court. It is from this ruling that plaintiff now appeals.
La.R.S. 23:1311 states inpart:
If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
Plaintiff filed suit more than 60 days after receiving the recommendation. He argues that he “did not get his full sixty days,” because the actual certificate of recommendation was not received until February 27, 1985. This certificate must be filed with a suit. La.R.S. 23:1311(C).
We must reject plaintiff’s claim. The statute is clear and unambiguous: a claimant has sixty days after receipt of notice of the recommendation to file a suit, and plaintiff failed to do so. Furthermore, we cannot see how plaintiff was prejudiced by his alleged untimely receipt of the certificate. The certificate contains nothing that would assist plaintiff in preparation for filing of an action. It merely shows that the claim was first submitted to the Administration, and that a recommendation was made and rejected. We note that if plaintiff had failed to receive the certificate within the 60 day period, there would have been procedural avenues open to him that would have allowed him to preserve his claim.
Plaintiff also argues that his claim for medical benefits has not prescribed. In Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985) the Louisiana Supreme Court held that the ten year liber-ative prescriptive period of Article 3499 of the Louisiana Civil Code was applicable to claims for medical expenses. In Francosi *796 v. South Central Bell Telephone Co., 492 So.2d 213 (La.App. 4th Cir.1986), this court considered a similar fact situation and found that the plaintiffs claim for medical expenses were still viable. Id. at 215. We, therefore are compelled to hold that the trial court was in error in dismissing plaintiff’s claim for medical expenses.
For the foregoing reasons, the decision of the trial court dismissing plaintiff’s claim for worker’s compensation benefits is affirmed. Plaintiff’s claim for medical benefits has not prescribed and the judgment of the court which denies him medical benefits is reversed, and the case is remanded for a determination of the medical expenses, if any, to which plaintiff may be entitled.

AFFIRMED IN PART REVERSED AND REMANDED