522 So.2d 1341 (1988)
Joan NICHOLS, on Behalf of Herself and Her Minor Children, Sherman Patrick Nichols and Callie Dawn Nichols, Appellant,
v.
MID-AMERICAN VAN LINE and Wausau Insurance Company, Appellee.
No. 19459-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
Writ Denied May 20, 1988.
*1342 Jones & Smith Law Offices by Dr. James Garland Smith, Monroe, for appellant.
Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
This is a workers compensation case in which the issue is the timeliness of the plaintiff's suit. The trial court sustained defendant Mid-American's exception of prescription and dismissed the suit. For the reasons expressed, we reverse and remand for further proceedings.
The exception was taken up on a joint stipulation of facts. The plaintiff's decedent died on June 7, 1985, while driving a truck in the state of Tennessee. He was at the time either an employee or an independent contractor of defendant, Mid-American Van Lines. His widow and children submitted a timely claim to the Office of Workers Compensation. The director issued his recommendation on March 27, 1986; the plaintiff received notice of the recommendation on April 11, 1986. The recommendation was rejected by one of the parties, and the director issued a certificate to this effect on June 2. The joint stipulation does not state when the plaintiff received notice of this. She filed the instant suit on August 1, 1986.
A plaintiff must ordinarily file suit within one year of the date of the injury or death. LSA-R.S. 23:1209. However, when the matter is submitted to the Office of Workers Compensation, an extension of 60 days is allowed from the date on which the director's recommendation was received. LSA-R.S. 23:1311. The purpose of this extension is to grant an additional period of time to litigants whose cases may be delayed beyond the standard one-year limit because of the administrative procedure in the Office of Workers Compensation. The underlying theory is that while a claimant's case is being handled as required by an extrajudicial procedure, his right to seek judicial redress should not be prejudiced.
The statutory scheme imposes other requirements on a valid lawsuit. After receipt of the director's recommendation, each party has a 30-day period in which to reject it. LSA-R.S. 23:1310.1 A. When the director receives a rejection, he must issue to each party a certificate stating that the claim was submitted to the office, that the parties attempted to resolve the claim informally, but that the office's recommendation was rejected (hereinafter a "certificate of rejection"). LSA-R.S. 23:1310.1 A. The statute does not bind the director to any time frame for issuing the certificate. In the instant case, the employer rejected the recommendation, and the certificate of rejection was dated at *1343 least three weeks after the last day on which Mrs. Nichols could have rejected; presumably a similar time frame applied to the employer. During this time, the plaintiff was unaware that the recommendation had been rejected.[1]
The statute also attaches no significance to when the non-rejecting party receives actual notice of rejection. In the instant case, the record does not state when the plaintiff received this. However, she received the recommendation on April 11, or 15 days after the director issued it. If we may assume that a similar delay occurred between the certificate of rejection on June 2 and actual receipt, then the plaintiff may not have got notice until June 17, or six days after the last day to file under R.S. 23:1311.
The statute imposes a final requirement which adds to the complexity of the situation. The suit, when eventually filed, must have attached to it a copy of the certificate of rejection. LSA-R.S. 23:1311 C. A suit filed without this attachment is vulnerable to a claim of failure to pursue administrative remedies and is subject to dismissal for prematurity. See Rich v. Geosource Wireline Services, 490 So.2d 1165 (La.App. 3d Cir.1986).
Under a literal reading of R.S. 23:1311, the plaintiff had until June 11, 1986 to file suit. However, under the facts established in this record, she did not have actual notice of rejection until after June 2 and perhaps as late as June 17, 1986. Until she received such notice, she cannot sensibly be charged with knowledge that she would have to resort to a lawsuit. Even if she had learned through informal avenues, she would not have been able to file a timely suit because she lacked the necessary documentation. The plaintiff's suit was dismissed on an exception of prescription, but it is manifestly obvious that the delays involved here were not the result of intentional or negligent failure to honor statutory time limits. Rather, the plaintiff followed the statutory procedure of submitting her claim to the Office of Workers Compensation and entrusted her case to the director. She appears to have complied with the statute, in every regard other than timeliness of the suit, with scrupulous care. Nevertheless, when her case was returned to her, the favorable recommendation was rejected and prescription was about to or had already run. This was almost certainly not the intent of the legislature in creating the administrative procedure and establishing an extension of time for parties who are prejudiced by it.
We are cognizant of other cases which have straightforwardly applied the 60-day limit of R.S. 23:1311 to bar a claimant's suit. See Francosi v. South Central Bell, 492 So.2d 213 (La.App. 4th Cir.1986), writ denied 495 So.2d 302 (La.1986); Vess v. Wausau Ins. Co., 501 So.2d 794 (La.App. 4th Cir.1986). We feel that these cases are distinguishable. In both Francosi and Vess, the injured claimants were the rejecting parties; they themselves knew from the moment they chose to reject that they would have no alternative but to file a suit. Thus was the court in Vess justified in rationalizing that the "certificate [of rejection] contains nothing that would assist plaintiff in preparation for filing of an action." 501 So.2d at 795.
In the instant case, the same considerations do not obtain. Mrs. Nichols had no reason to suspect that she would have to file suit until she belatedly received the director's certificate of rejection. She did not decide to reject and then wait an inordinate time to hire an attorney and file her suit. On the contrary, she was the victim of legitimate time delays in a statutory scheme that does not carefully preserve the rights of an accepting employee who is left in the dark over the outcome of the recommendation. *1344 In this respect the statute is inartfully drawn, making no distinction between a rejecting and an accepting claimant.
A literal reading of statutes is mandated by the Civil Code. LSA-C.C. art. 9 (1987 revision; formerly art. 13). Nevertheless, when a literal construction of the statute would lead to absurd results, a reasonable interpretation may be drawn consistent with the legislative intent. Smith v. State, Dept. of Pub. Safety, 366 So.2d 1318 (La.1978); Dore v. Tugwell, 228 La. 807, 84 So.2d 199 (1955); Waggoner v. Kellogg-Moore Oil Co., 375 So.2d 197 (La. App. 2d Cir.1979). In the case of an accepting employee or claimant, to follow R.S. 23:1311's time limitation literally would create the absurd and unfair result of dismissing Mrs. Nichols's claim by invalidating an extension of time which was intended to benefit her. The difficulty of this position is underscored by Mid-American's brief, which declares that an action must be filed "within 60 days of the receipt of the Certificate advising that the recommendation of the Office of Worker's Compensation has been rejected by one of the parties[.]" For the employer to make this statement, which is an incorrect summary of the literal wording of the statute, shows the latent difficulties of the statute and its tendency to produce absurd results. We will therefore not adopt the literal construction.
In order to provide a meaningful extension for an employee-claimant who accepted the director's recommendation, the 60 days should begin to run from the date on which the certificate of rejection is received. In fact, we have already intimated that this might be a better procedure. See Cook v. Con-Trux Const., 499 So.2d 169 (La.App. 2d Cir.1986). The employer is certainly not prejudiced by this because it knows that the claimant will file suit for benefits. The rejecting employer cannot be said to have a vested interest in the administrative and postal delays that might concur in a case like this to provide it with a fortuitous claim of prescription.
By this standard, Mrs. Nichols's suit was timely, being filed exactly 60 days after the director issued the certificate of rejection and certainly within 60 days of when she ultimately received it. For these reasons, the trial court's judgment sustaining Mid-American's exception of prescription and dismissing plaintiff's suit is reversed. The case is remanded to district court for further proceedings in accordance with law. Costs of appeal are assessed to appellee, Mid-American Van Lines.
REVERSED AND REMANDED.
NOTES
[1] The statute provides that the content of the director's recommendation and the identity of the rejecting party shall not be disclosed on the certificate of rejection. R.S. 23:1310.1. Nevertheless the appellant has conceded this information, which we consider highly relevant, so we have taken it into consideration. We do not understand why this should be "kept secret" from the courts. See Johnson, "Bound In Shallows and Miseries: The 1983 Amendments To The Workers' Compensation Statute," 44 La.L. Rev. 669, 690 (1984). The recommendation itself is admissible, LSA-Acts 1985, No. 926, but it was not included in the instant record.