532 So.2d 187 (1988)
James H. BROWN, Appellant,
v.
Pee Wee REESE, Appellee.
No. 19729-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
On Rehearing October 26, 1988.
Samuel Thomas, Tallulah, for appellant.
Lancaster, Baxter & Lancaster by E.H. Lancaster, Tallulah, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
*188 FRED W. JONES, Jr., Judge.
Plaintiff sued his employer for worker's compensation benefits and medical expenses. Defendant filed an exception of prescription which was sustained and plaintiff's suit dismissed. Plaintiff appealed. For the reasons explained, we affirm in part and reverse in part.
On April 11, 1985 Brown, employed by Reese as manager of a nightclub in Bossier City, was involved in a scuffle with two patrons of the club and injured his left knee. He timely filed a claim with the Louisiana Office of Worker's Compensation on November 25, 1985. On January 6, 1986 that Office handed down a recommendation that Brown be paid temporary total disability benefits from April 26, 1985 until he was able to return to work. The employer was notified of this recommendation on January 9, 1986 and Brown was notified January 14, 1986. The employer rejected the recommendation and Brown was notified of the rejection on January 23, 1986.
Brown filed this suit on May 14, 1986, alleging that his injury consisted of a broken knee which was diagnosed by Dr. Bailey on or about May 16, 1985. Defendant answered, denying that plaintiff's injuries were disabling and invoking the defense of plaintiff's willful intention to injure another and aggression in an unprovoked altercation. Subsequently, defendant filed an exception of prescription, asserting plaintiff did not timely file his suit.
Without the taking of testimony, the case was submitted on the following stipulation of facts:
1) The accident occurred on April 11, 1985;
2) Plaintiff worked until April 17, 1985;
3) Plaintiff first visited Dr. Neumann on April 18, 1985;
4) No benefits or medical expenses have been paid;
5) Plaintiff timely filed his claim with the Office of Worker's Compensation;
6) The Office recommended that plaintiff be paid benefits from April 26, 1985 until he was able to return to work, plus all medical expenses;
7) Plaintiff received notice of the recommendation on January 14, 1986 and defendant received notice on January 9, 1986;
8) The recommendation was timely accepted by plaintiff and timely rejected by defendant;
9) Plaintiff was notified of defendant's rejection on January 23, 1986;
10) Plaintiff's suit was filed on May 14, 1986.
Dr. Neumann's medical report was received in evidence. It reflected visits to his office by plaintiff on April 18 and 25, 1985. The diagnosis was trauma to the knee with swelling and a fracture in the left leg. Plaintiff was hospitalized for one day, on April 29, 1985, and visited Dr. Neumann's office again on May 1 and 2, 1985.
In reasons for judgment, the trial judge noted that La.R.S. 23:1311(A) gives a party 60 days from receipt of notice of the other party's rejection of the recommendation of the Office of Worker's Compensation or the applicable time period provided by R.S. 23:1209, whichever is greater, within which to file a petition in district court. She further recognized the general rule, under Section 1209, that an employee has one year from the date of the accident to file an action for worker's compensation benefits where the injury develops immediately after the accident. Finding that plaintiff's injury had been sustained, and his disability had developed, at the time of the accident, and that plaintiff received notice of defendant's rejection of the Office's recommendation on January 14, 1985, the trial judge concluded plaintiff's claim had prescribed since it was not asserted within 60 days from that date or within one year of the date of the alleged injury which occurred on April 11, 1985.
Plaintiff argues that the trial court erred in upholding defendant's plea of prescription. He contends that his injury did not manifest itself until May 16, 1985, about 35 days after the accident, when he was first examined by Dr. Bailey and it was determined that he had sustained a fracture to his knee. He argues that since he filed suit within one year of notification of his *189 injury by Dr. Bailey, he complied with the applicable statutory prescriptive periods and thus timely filed this suit.
The employer contends that, contrary to plaintiff's assertion on appeal, it was stipulated that April 17, 1985 was plaintiff's last day of work and that he was treated by Dr. Neumann for his injury on the following day. The absence of any testimony or evidence to the contrary is noted, and it is argued that if Dr. Bailey did subsequently diagnose plaintiff as having a broken knee, this would merely have confirmed the diagnosis already made by Dr. Neumann. Furthermore, it is argued that these facts are supported by the record, which contains Dr. Neumann's medical report to this effect, and since Brown did not file suit by April 11, 1986, his claim prescribed and the judgment of the trial court to this effect should be affirmed.
Since plaintiff's employer rejected the recommendation of the Office of Worker's Compensation, La.R.S. 23:1311 is applicable. That statute provides that if any party rejects the recommendation of the Office, the employee or his dependent must file suit in district court for the benefits within 60 days of the receipt of the recommendation or within the period established in La.R.S. 23:1209, whichever occurs last. This court has construed § 1311 to provide 60 days from receipt of notice of rejection of the recommendation. Nichols v. Mid-American Van Line, 522 So.2d 1341 (La. App. 2d Cir.1988).
La.R.S. 23:1209 provides, in pertinent part, as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In this case plaintiff did not file his petition within 60 days of receipt of the Office's recommendation or within one year of the accident. He argues, however, that he complied with the last sentence of § 1209 because he filed this suit within one year of the date Dr. Bailey notified him of his injury, which he claims was on May 16, 1985. In this regard he also relies on the jurisprudentially created "development of the injury" rule, whereby a party has one year from the time the injury develops, if it does not develop immediately after the accident, within which to file suit.
One pleading prescription generally has the burden of proving it. However, a plaintiff in a worker's compensation suit has the burden of proving his suit has not prescribed if the petition is filed more than one year after the accident. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601 (La.App. 1st Cir.1984), writ denied 456 So. 2d 1015 (La.1984). Therefore it was plaintiff's burden in this case to prove that his claim had not prescribed.
Plaintiff offered no evidence in support of his claim that he first learned of his injury on May 16, 1985. The parties stipulated that plaintiff visited Dr. Neumann for treatment of his injuries on April 18, 1985, the day following his last day of work after the accident. According to Dr. Neumann's medical report, introduced into evidence, the injured knee was diagnosed at that time.
The trial judge found that plaintiff's injury manifested itself on the date of the accident. As this is a factual determination, it may not be disturbed by this court unless it is clearly wrong. The record fully supports this conclusion, especially since plaintiff offered no evidence at trial to contradict the stipulations of fact and Dr. Neumann's medical report. The record also reflects that at the time of trial, plaintiff's attorney was given two weeks within which to take the deposition of Dr. Neumann. *190 Although the record was actually held open for six months, this deposition was never taken. Nor did plaintiff's attorney suggest taking the deposition of Dr. Bailey for the purpose of corroborating plaintiff's position. Nothing in the record suggests that the trial judge's factual conclusion regarding the date plaintiff's injury developed is incorrect. Plaintiff had the burden of proving his claim that his injury did not manifest itself until May 16, 1985 and he failed to do so.
Moreover, in Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ denied, 396 So.2d 1351 (La.1981) it was held that where an employee knows of his injury at the time of its occurrence and is aware that he has a valid worker's compensation claim, a later medical diagnosis of disability, standing alone, does not cause the statutory one year prescription to begin to run at the time of such diagnosis.
Proper situations for the application of the "development of the injury" rule, allowing prescription to take effect at the expiration of "one year from the time the injury develops" include those where an employee becomes disabled as the result of successive traumatic incidents on the job without being able to attribute his disability to a single event; or where a relatively minor trauma did not cause immediate pain but pain slowly developed to the point of disability; or, where an employee is injured and sustains pain but continues to work believing he can perform his duties, only to subsequently find the injury has developed to a state of disability. Barker v. Aetna Cas. & Sur. Co., 380 So.2d 178 (La.App. 1st Cir.1979), writ denied, 383 So.2d 25 (La. 1980).
Thus even if plaintiff had established what he claims, the result would be the same. It seems clear that plaintiff knew of his injury by April 18, 1985, when the record reflects that Dr. Neumann diagnosed the broken knee. As defendant suggests, if Dr. Bailey did in fact diagnose plaintiff's broken knee as plaintiff claims, on May 16, 1985, that diagnosis would only serve to confirm the earlier one made by Dr. Neumann. Therefore, the trial judge did not err in sustaining the exception of prescription as to the claim for worker's compensation benefits, since suit was not filed until after both applicable prescriptive periods had elapsed.
However, our Supreme Court has recently held that claims for medical expenses are not governed by La. R.S. 23:1209. In Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985), the ten year liberative prescriptive period of La.C.C. Art. 3499 was applied, since no provision of the Worker's Compensation Law was found to govern prescription of claims for medical expenses. While that case involved a suit filed exclusively for additional medical expenses, the fourth circuit cited it as authority for reversing a trial court's dismissal of a claim for medical expenses which was included in plaintiff's petition for compensation benefits. Francosi v. South Central Bell Telephone Co., 492 So.2d 213 (La.App. 4th Cir.1986), writ denied, 495 So.2d 302 (La.1986). Therefore, the trial court should not have dismissed plaintiff's claim for medical expenses.
For these reasons, the judgment of the district court, insofar as it sustains the plea of prescription as to plaintiff's claim for worker's compensation, is AFFIRMED. However, insofar as it sustains the plea of prescription as to the claim for medical expenses and dismisses plaintiff's suit, the judgment is REVERSED and the case is REMANDED to the trial court for further proceedings consistent with this opinion.
Cost of appeal is assessed to appellee.
Before MARVIN, JASPER E. JONES, FRED W. JONES, Jr., SEXTON and NORRIS, JJ.

ON REHEARING
PER CURIAM.
We granted a rehearing in this case for the limited purpose of considering defendant-applicant's contention that we erred in our original opinion in finding that, as to the claim for medical expenses, the plea of prescription should have been overruled by *191 the trial court. For the following reasons, we agree with defendant-applicant.
In this case, the alleged accident occurred on April 11, 1985. At this time a ten year prescriptive period applied to a claim for medical expenses of this nature. Lester v. Southern Casualty, 466 So.2d 25 (La.1985). Plaintiff filed suit on May 14, 1986. However, Act 926 of 1985, signed by the Governor in July 1985 and published in the official journal in August 1985, incorporated into the Revised Statutes as R.S. 23: 1209(C), provided:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Under its provisions, this Act did not become effective until January 1, 1986.
Under our law, statutes of prescription are remedial and are applicable to all actions instituted after they become effective, even though the cause of action occurred before the statute was enacted. Lott v. Haley, 370 So.2d 521 (La.1979); Billedeau v. Prather, 493 So.2d 920 (La. App. 3d Cir.1986); Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir. 1986).
However, even though these statutes are retroactive as a general rule, they may not violate the constitutional prohibition against divesting a vested right unless a reasonable time is allowed for those affected by the Act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950). It is recognized that the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Lott v. Haley, supra.
We find that in this case the legislature, by not making the Act effective until January 1, 1986 (after having been passed in July 1985) allowed a reasonable time for those affected by the Act to assert their rights. As a matter of fact, plaintiff had until April 11, 1986, before his one year period elapsed. But, he did not file his suit until May 14, 1986.
For these reasons, we conclude that plaintiff's claim for medical expenses had prescribed and the trial court was correct in its ruling. Consequently, the judgment in our original opinion is AMENDED by deleting the portion overruling the trial court's sustaining of the plea of prescription as to the claim for medical expenses, and we AFFIRM the judgment of the trial court in its entirety. Cost of appeal is assessed to plaintiff-appellant.