BARRY, Judge.
This suit for worker’s compensation death benefits was dismissed due to prescription. We affirm.
On or about May 8, 1987 William Becker was shot and killed, allegedly in the course and scope of his employment with R.L. Polk & Company. Theresa Becker, his widow, made a compensation claim with the Office of Worker’s Compensation Board (OWCB) on April 27, 1988. According to the OWCB certificate Mrs. Becker received the OWCB recommendation rejecting the claim on June 8, 1988. The OWCB certificate is dated July 6, 1988.
On September 6, 1988 Mrs. Becker sued Polk which answered on October 17, 1988 and filed an exception of prescription on October 19, 1988. On December 1, 1988 Mrs. Becker filed a supplemental and amending petition which added her two minor children as plaintiffs. On January 19, 1989 the exception of prescription was maintained and the suit dismissed with prejudice.
*1144 La.R.S. 23:1209 provides in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed ...
Mrs. Becker met that requirement since her claim was filed on April 27, 1988, within a year of the accident.
La.R.S. 23:1311(A) provides in pertinent part:
If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court... ,[1]
May 8, 1989, one year from the date of the accident, was prior to OWCB’s recommendation. Mrs. Becker was required to file suit within sixty days of the June 8, 1988 notification. Suit was filed September 5,1988, eighty-nine (89) days after notification and was untimely.
Mrs. Becker argues that prescription was interrupted when the claim was filed with OWCB and began to run anew when interruption stopped, i.e., when OWCB’s recommendation was made.
We disagree. Filing the claim did not interrupt prescription. The statute provides that if one year runs while the claim is pending with OWCB, the claimant has an additional sixty days to file suit after receipt of the recommendation.
That is consistent with Francosi v. South Central Bell Telephone Co., 492 So.2d 213 (La.App. 4th Cir.1986), writ, denied, 495 So.2d 302 (La.1986). Nichols v. Mid-American Van Line, 522 So.2d 1341 (La.App. 2nd Cir.1988), writ, denied, 525 So.2d 1059 (La.1988), cited in plaintiff’s brief, is not relevant.
Mrs. Becker urges that her children’s claims have not prescribed.
La.C.C.P. Art. 1151 provides:
A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934.... Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
The amendment to the petition was filed after defendant’s answer. The record indicates leave of court was not granted and defendant’s counsel did not give written consent. The district court dismissed the matter with prejudice and the children’s claim is not before us.
The judgment of the district court is affirmed.
AFFIRMED.

. Both La.R.S. 23:1209 and 23:1311 have been amended by Acts 1988, No. 938, § 1, effective July l, 1989.