GOTHARD, Judge.
The issue in this worker’s compensation case is whether plaintiff Brian M. Honaker’s claim for indemnity and medical benefits has prescribed. The trial judge maintained defendant’s exception of prescription and dismissed plaintiff’s suit. Plaintiff appeals; we affirm.
Brian Honaker contends that he was employed by defendant Glenn Trahan to install Sheetrock. He alleges that on April 26 or 27, 1986, while on the job, he slipped, fell and injured his back.
Honaker contends that he filed a claim for compensation with the Office of Worker’s Compensation on August 15, 1986. The record does not contain a copy of this claim. The record does contain evidence of an Office of Worker’s Compensation ac-. knowledgment-of-claim form dated August 28, 1986, reflecting Log Number 019214-0442 acknowledging receipt of Honaker’s claim for compensation and requesting additional information. The document identifies Glenn Trahan as the “employer”, but there is no information on the date of or circumstances surrounding the on-the-job injury. Nor is there documentation in the record of whether or how this claim was resolved. Defendant argues that the Of *564 fice of Worker’s Compensation recommended against payment of compensation and that plaintiff rejected the recommendation. Plaintiff does not deny this contention.
Apparently plaintiff filed a separate claim for compensation in June of 1987. A copy of this document is not in evidence. The record does contain a recommendation reflected as Log Number 20797-0442 from the Office of Worker’s Compensation dated July 2, 1987. It states that the office received plaintiff’s claim for an April 26, 1986 on-the-job injury on June 3, 1987 and as such any claim for indemnity benefits is prescribed. With respect to plaintiff’s claim for medical benefits, the recommendation states that the injury was not work-related and therefore no medical benefits are due under the Act. The recommendation was directed to plaintiff Brian Honaker, to plaintiff through his attorney, and to Glenn Trahan. The copy of record evidences acceptance of the recommendation by Glenn Trahan on August 21, 1987.
Ten months later in May 1988, plaintiff filed his compensation suit in district court. It was met with defendant’s exception of prescription. The trial judge found that plaintiff’s claim for both indemnity and medical benefits had prescribed and dismissed the suit. Plaintiff appeals arguing that both the compensation and the medical benefits claims remain viable. Defendant denies the existance of an employment relationship or that a work-related injury occurred. He contends that plaintiff’s suit is prescribed because it was not filed until more than two years after the alleged accident.
Our adjudication of plaintiff’s compensation claim is governed by the law in effect prior to the 1988 Legislative Session. At that time, recovery of compensation benefits was- accomplished by a two-tier route: the claimant first having recourse to adjudication of his claim by the Office of Worker’s Compensation, then de novo by the district court. After notice to the employer, the injured employee filed a formal claim with the Office of Worker’s Compensation. LSA-R.S. 23:1301 and 23:1310. Within thirty days the Office issued a recommendation stating whether or not compensation was due the employee. The parties had 30 days from receipt within which to accept or reject the recommendation. If any party rejected the recommendation, the employee or his dependent “shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, which ever occurs last, a verified petition to the district court” describing the injury and specifying the compensation due. The claim was then tried as an ordinary proceeding in district court.
The procedural progress of plaintiff’s claim through both the administrative and judicial forums was governed by LSA-R.S. 23:1209 which provided:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and 1 in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
B. Any claim may be filed with the director, office of worker’s compensation, by delivery or by mail addressed to the office of worker’s compensation. The filing of such claims shall be deemed timely when the claim is mailed on or *565 before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Simply stated, to avoid the nullifying effects of prescription plaintiff Honaker had to file his suit within 60 days of his receipt of the July 1987 recommendation.
Plaintiff’s contention at trial and on appeal is that his claim, filed with the Office of Worker’s Compensation in April 1986, was timely. He submits that the Office delayed resolution of his claim until July 1987 when it issued the recommendation. Because the original claim was filed within one year of the injury, plaintiff reasons that the district court suit is timely.
This argument ignores the fact that the basis of the rejection of plaintiff’s indemnity claim in the July 1987 recommendation is the Office’s statement that it did not receive plaintiff’s claim until June 1987, well after the one-year prescriptive period had tolled. Even if we accept plaintiff’s contention that the Office received the timely April 1986 claim and delayed in its resolution for one year and two months, plaintiff gives no reasonable explanation why he did not file suit immediately after the issuance of the July 1987 recommendation.
When suit is filed more than one year after the date of the alleged on-the-job injury, plaintiff bears the burden of proving that the claim is not prescribed. Brown v. Reese, 532 So.2d 187 (La.App. 2nd Cir.1988). Plaintiff has not borne this burden. His suit was not filed for ten months after the issuance of the recommendation and fully two years after the accident. He gives no plausible reason for the delay. While he seems to espouse a theory of suspension or interruption of prescription, he provides no evidence to support this argument.
In the spirit of the statutory dictate we have entertained plaintiff’s appellate argument in the most liberal fashion. Nevertheless we cannot say that the trial judge was clearly wrong in maintaining defendant’s exception. Honaker’s claim for indemnity benefits is prescribed. His claim for medical benefits, governed by LSA-R.S. 23:1209(C) is also prescribed. Ronquille v. Dept. of Wildlife & Fish., 532 So.2d 891 (La.App. 5th Cir.1988).
For the reasons assigned, the district court judgment maintaining the exception of prescription and dismissing Brian M. Honaker’s claim for indemnity and medical benefits, with prejudice, is affirmed. Costs are to be borne by appellant.
AFFIRMED.