STOKER, Judge.
The sole issue on appeal in this case is whether the trial court erred in dismissing plaintiff’s suit for worker’s compensation under a finding that the claim had prescribed. We reverse and remand.
FACTS
Plaintiff suffered injuries to her head, back and legs in a slip and fall accident within the course and scope of her employment with Piccadilly Cafeteria on March 5, *499 1988. Plaintiff alleged that the injuries to her back and legs did not become manifest until September 15, 1988.
On June 30, 1989, plaintiff received a certificate of recommendation post-dated July 7, 1989, from the Office of Worker’s Compensation. On September 6, 1989, plaintiff filed this lawsuit in the district court. Defendant filed exceptions of prematurity and prescription on November 27, 1989.
After a hearing, the trial judge overruled the exception of prematurity and sustained the exception of prescription, finding that plaintiffs claim had prescribed under LSA-R.S. 23:1311. The trial judge apparently held that a claimant must file a suit within sixty days of receiving the recommendation under LSA-R.S. 23:1311, regardless of whether the plaintiffs suit was filed timely under LSA-R.S. 23:1209, relating to when the accident occurred or the injuries manifested themselves. The trial judge found that he did not need to address the issue of manifestation of the injuries, for which a trial on the merits would be necessary, since the claim was prescribed under LSA-R.S. 23:1311.
Plaintiff appeals this judgment, contending the trial judge erred in sustaining the exception of prescription.
OPINION
We find the trial judge clearly erred as a matter of law in sustaining the exception of prescription under LSA-R.S. 23:1311. LSA-R.S. 23:1311 states in pertinent part:
“§ 1311. Period to file claim in court; place of filing in general; contents of petition
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.”
LSA-R.S. 23:1209 states in pertinent part:
“§ 1209. Prescription: timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Under the express language of LSA-R.S. 23:1311, the prescriptive period for filing a petition in the district court is the later of the sixty day period established in LSA-R.S. 23:1311(A) or the one year period set forth in LSA-R.S. 23:1209(A).[1] Becker v. R.L. Polk & Co., 545 So.2d 1143 (La.App. 4th Cir.1989); Brown v. Reese, 532 So.2d 187 (La.App. 2d Cir.1988). See also, Fran *500 cosi v. South Central Bell Telephone Co., 492 So.2d 213 (La.App. 4th Cir.), writ denied, 495 So.2d 302 (La.1986).
Plaintiff’s claim has obviously prescribed under the sixty day prescriptive period set forth in LSA-R.S. 23:1311 and under the one year from the date of the accident prescriptive period set forth in LSA-R.S. 23:1209. However, depending upon what the evidence might disclose, it is possible that plaintiff’s claim may not have prescribed under the prescriptive period provided in LSA-R.S. 23:1209 allowing one year from manifestation of her injuries in which to file her suit. Therefore, the trial judge erred in holding that plaintiff’s claim had prescribed for failure to file it within sixty days of receipt of the recommendation, despite the fact that her claim may not have prescribed under the manifestation or development of injury rule in LSA-R.S. 23:1209.
The trial judge stated in his reasons for judgment that he would have deferred ruling on the issue of manifestation of injuries to a trial on the merits, had he not resolved the prescription issue under LSA-R.S. 23:1311. The trial judge believed that further evidence (other than plaintiff’s deposition) was needed to determine whether that prescriptive period had elapsed. Therefore, we will remand the case to the trial court for further proceedings on the issue of manifestation of plaintiff’s injuries and the applicable prescriptive period under LSA-R.S. 23:1209(A).
CONCLUSION
For the reasons given, the judgment of the trial court sustaining the exception of prescription is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to defendant-appel-lee.
REVERSED and REMANDED.

. The cases cited by defendant in support of its argument, that the sixty day prescriptive period in LSA-R.S. 23:1311 is an absolute time bar to a suit, are simply not apposite. In Vess v. Wausau Ins. Co., 501 So.2d 794 (La.App. 4th Cir.1986), LSA-R.S. 23:1209 and the date of the accident were not considered or even mentioned on appeal. In Nichols v. Mid-American *500 Van Line, 522 So.2d 1341 (La.App. 3d Cir.), writ denied, 525 So.2d 1059 (La.1988), the one year prescriptive periods in LSA-R.S. 23:1209 were not applicable to the facts of the case, since the victim died in the accident and the suit was filed over one year after the accident. The only prescriptive period left to consider was under LSA-R.S. 23:1311.