603 So.2d 228 (1992)
Lisa TUDURY
v.
SHONEY'S, INC.
No. 90-CA-2123.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
Rehearing Denied September 17, 1992.
*229 Rudolph R. Schoemann, Schoemann & Associates, New Orleans, for plaintiff/appellant.
Aimee Carriere, Habans, Bologna & Carriere, New Orleans, for defendant/appellee.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
In this worker's compensation suit, plaintiff, Lisa Tudury ("Tudury"), appeals from a trial court judgment which sustained defendant, Shoney's, Inc.'s ("Shoney's"), peremptory exception raising the objection of prescription as to her claim for disability benefits. We affirm.
Tudury's petition claims that while she was waitressing in the course and scope of her employment for Shoney's, she fell on a carpet or rug. The petition claims that, as a result of the accident, she experienced severe trauma to her lower extremities, neck, back and/or spine. She claims she is entitled to an award against Shoney's for weekly disability benefits, medical benefits, penalties and attorney's fees.
In response to Tudury's suit, Shoney's filed a peremptory exception raising the objection of prescription. The chronology of events pertinent to Shoney's exception is as follows: The accident allegedly occurred on October 8, 1985. From that date through July 15, 1986, Shoney's paid Tudury weekly disability benefits. Eleven months after the last weekly disability benefits payment, Tudury filed a formal claim with the Office of Worker's Compensation Administration ("OWCA"). The OWCA issued its recommendation on July 16, 1987, indicating no additional benefits were due. Shoney's accepted the recommendation within thirty days of its receipt. Tudury, however, failed to reject the recommendation within thirty days of receiving it and, therefore, was conclusively presumed to have accepted it. LSA-R.S. 23:1310.1(A). On November 17, 1989, Tudury applied to the OWCA for a modification of its July 16, 1987 recommendation. The OWCA reviewed her claim and issued its recommendation on December 19, 1989, indicating a modification of the previous recommendation was not warranted. Tudury rejected this recommendation. Accordingly, the OWCA issued a certification on January 19, 1990 stating its recommendation had been rejected by one of the parties. Tudury filed this suit approximately seven months later, on August 14, 1990.
Following a hearing, the trial court rendered judgment on October 29, 1990. Without providing written reasons, the trial court denied the exception as to Tudury's claim for medical benefits but sustained it as to her claim for disability benefits. From this judgment, Tudury appeals.[1]
*230 The party pleading prescription generally has the burden of proving it. However, because this suit has prescribed on its face, Tudury has the burden of proving prescription was interrupted in some manner. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991); Honaker v. Trahan, 573 So.2d 563 (La.App. 5th Cir. 1991); Brown v. Reese, 532 So.2d 187 (La. App. 2d Cir.1988).
Tudury claims the trial court erred by sustaining the exception. She contends that Shoney's weekly disability payments interrupted or suspended prescription. Consequently, prescription did not begin to run until July 15, 1986. Thus, only eleven months had elapsed when she filed her claim with the OWCA on June 15, 1987. By filing the OWCA claim, Tudury asserts the prescriptive period was either indefinitely suspended or suspended for five years pursuant to LSA-R.S. 23:1209(D), as amended by Act 938 of 1988, effective July 1, 1989. Tudury also contends that prescription did not toll because she filed an application for modification of the July 16, 1987 OWCA recommendation pursuant to LSA-R.S. 23:1331(C) and/or because the prescriptive period is three years rather than one year. Finally, Tudury claims Shoney's lost its right to raise the peremptory exception raising the objection of prescription because it failed to urge the objection to the OWCA when she applied for the modification of the July 16, 1987 recommendation.
Our adjudication of Tudury's claim is governed by the worker's compensation law in effect prior to the 1988 legislative session. As such, the prescriptive period contained in LSA-R.S. 23:1209 is applicable to her accident of October 8, 1985. Brown v. Reese, supra. At the time of Tudury's accident, the pertinent provisions of LSA-R.S. 23:1209[2] provided as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties agreed upon payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, ...
Under LSA-R.S. 23:1209, where a plaintiff's injury develops immediately after the work related accident and plaintiff received weekly disability benefits, the applicable prescriptive period is one year from the last compensation payment. See Sterling v. Ins. Co. of Pa., 572 So.2d 835 (La.App. 4th Cir.1991); Young v. American Marine Corp., 458 So.2d 549 (La.App. 4th Cir.1984). Prescription was, therefore, suspended while Tudury was receiving her weekly disability payments and prescription did not begin to run until July 15, 1986. Thus, her formal claim with the OWCA was timely filed on June 15, 1986.
When Tudury filed her formal claim with the OWCA eleven months after the cessation of Shoney's disability benefits payments, the filing of her claim tolled the running of prescription for the period of time her claim was pending before the OWCA. Jones v. Hartford Ins. Co., 560 So.2d 442 (La.1990); Browning v. Winnfield Veneer Co., 554 So.2d 210 (La.App. 2d Cir.1989), writ den., 564 So.2d 314 (La. 1990). Filing a claim with the OWCA does not "interrupt" prescription in the traditional sense, however, as it does not have the effect of starting the one year period anew. Id. In combination with LSA-R.S. 23:1311[3], it has the effect of extending the *231 period for filing suit for sixty days after receipt of the OWCA's recommendation (or in some cases, receipt of notice of the rejection of the recommendation) where that time period extends beyond the one-year period from the date of the accident or the date of the last payment of benefits. Id. Cf. Becker v. R.L. Polk & Co., 545 So.2d 1143 (La.App. 4th Cir.1989). Thus, her claim did not prescribe while the OWCA was evaluating her claim.
The OWCA's recommendation, dated July 16, 1987, indicated that Tudury was not entitled to further compensation. The letter also directed that,
Within thirty (30) days of receipt of this recommendation, each party shall notify the Office of the acceptance or rejection of the recommendation by so indicating on one of the two copies enclosed, and returning the signed copy to this Office. A party failing to notify this Office shall be conclusively presumed to have accepted the recommendation of this Office.
Shoney's accepted the recommendation, but Tudury failed to reject the recommendation within the thirty day period. By a certificate from the OWCA, dated October 20, 1987, Tudury and Shoney's were notified that, as neither party had rejected the recommendation of July 16, 1987, they were conclusively presumed to have accepted it, citing LSA-R.S. 23:1310.1. Consequently, Tudury's failure to notify the OWCA of acceptance or rejection gave rise to a conclusive presumption of acceptance of the recommendation and barred her from further action on the claim for a period of six months. LSA-R.S. 23:1310.1. Brock v. Schwegmann Giant Supermarkets, Inc., 520 So.2d 711 (La.1988).
Pursuant to LSA-R.S. 23:1331, Tudury sought modification of the July 16, 1987 recommendation on November 17, 1989, well after the lapse of the six month abeyance period.[4] The OWCA reviewed her claim and issued its recommendation on December 19, 1989. Tudury rejected the recommendation and the OWCA sent her a document dated January 19, 1990 certifying that the December 19th recommendation had been rejected by one of the parties. It further stated that, in accordance with LSA-R.S. 23:1311, "[i]f any party rejects the recommendation of this Office, the employee or his dependant shall present within sixty days of the receipt of the recommendation or within the period established by La.R.S. 23:1209, whichever occurs last, a verified petition in district court ..." The document also certified that Tudury received the recommendation on January 2, 1990, while her counsel of record had received his copy on December 26, 1989.
As the time period established by LSA-R.S. 23:1209 lapsed as to Tudury's weekly disability benefits claim in 1987, her failure to file suit within sixty days of her receipt of the December 19, 1989 recommendation caused her claim for weekly disability benefits to prescribe. Moreover, Shoney's did not lose its right to plead the peremptory exception raising the objection of prescription (on the grounds of the application for modification being untimely and/or on grounds of the petition being untimely filed in district court) because the peremptory exception may be plead at any stage of the proceeding in trial court prior to a submission of the case for a decision. LSA-C.C.P. art. 928(B). Thus, the trial court did not err in sustaining the objection *232 of prescription as to Tudury's claim for weekly disability benefits.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] Shoney's did not seek review of the trial court's ruling which denied the peremptory exception as to the claim for medical benefits. Therefore, that issue is not before this court.
[2] Both LSA-R.S. 23:1209 and 23:1311 (infra) were amended by Acts 1988, No. 938, § 1, effective January 1, 1990. LSA-R.S. 23:1331 (infra) was repealed, effective January 1, 1990, by the Act.
[3] The text of LSA-R.S. 23:1311 as it existed prior to amendments by Acts 1988, No. 938, § 1, read in pertinent part as follows:

A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case...
[4] Due to our finding that Tudury's claim prescribed as a result of her failure to timely file suit after rejecting the OWCA's second recommendation, it is unnecessary for us to decide whether her application for modification of the first recommendation was "seasonably" filed. See Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987) [Claimant seasonably filed suit/sought modification of the prior OWCA recommendation. It was filed within one year of the cessation of compensation benefits payments.]; see also 14 La. Civ. L. Treat. (Malone & Johnson) 1992 P.P. § 381.5 n. 20.45 [indicates Disotell dealt with "worker who is presumed to have accepted {the OWCA recommendation} may later ask, within proper time limits, for review of modification; res judicata not applicable"] (emphasis ours). Note: The objection of prescription cannot be supplied by the court. LSA-C.C.P. art. 927.