643 So.2d 261 (1994)
Elizer BISSIC, Plaintiff-Appellee,
v.
HART ASSOCIATES, Defendant-Appellant.
No. 26099-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*262 Bobby L. Culpepper by G. Ann Winchester, Jonesboro, for appellant.
W. Michael Stemmans, Baton Rouge, for appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
This is an appeal by a worker's compensation claimant of the ruling by a worker's compensation claims officer granting defendant's exception of prescription. We affirm.
Plaintiff, Elizer Bissic, worked for defendant, Hart Associates, for thirteen years making gaming lamps, the type hung over billiard tables. She claims that she injured her back on January 2 or 3, 1991, while lifting one of the lamps. She reported the incident to her employer, but continued to work. In April or May of 1991, she visited Lincoln Memorial Hospital, allegedly for evaluation of chest pain. In June of 1991, she visited Dr. David A. Cavanaugh, neurosurgeon, with complaints of back and left leg pain. She attributed the pain to a treadmill which was utilized a month earlier in the chest pain evaluation. Dr. Cavanaugh performed exploratory surgery on July 3, 1991, and discovered a ruptured disc as a result. Ms. Bissic's last day of work with Hart Associates was May 30, 1991. She received no compensation benefits.
Ms. Bissic signed a worker's compensation claim on January 29, 1992. The claim, however, was postmarked February 4, 1992, and received by the office of worker's compensation on February 6, 1992. She claimed benefits as the result of the January 2, 1991, accident.
Defendant, Hart Associates, filed an exception of prescription which was granted by the trial court after review of the evidence, including a report from the treating physician which indicated no manifestation of an injury around May or June of 1991 from the accident which occurred in January of 1991. The judgment dismissed the suit with prejudice.
Ms. Bissic appeals, asserting that the hearing officer was in error in granting the exception of prescription based upon two arguments. She first contends that although she sustained the back injury on January 2 or 3, 1991, she continued to work until May 30, 1991, which she believes should be the date on which prescription began to run. She further asserts, in the alternative, that the *263 hearing officer erred in failing to apply a two-year prescriptive period from the date of the accident in light of the "developing injury" nature of her case.
She finally asserts that the trial court erred in dismissing this case with prejudice.
Under the provisions of LSA-R.S. 23:1209, all claims for compensation benefits shall be forever barred unless within one year after the accident the parties agree to payments or a formal claim is filed with the officer of worker's compensation. LSA-R.S. 23:1209(A).
Additionally, if the injury does not manifest itself immediately, claimant has one year from the time that the injury develops, but not more than two years from the date of the accident to file a claim. This type of injury is referred to as a "developing disability." Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986); Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. App.2d Cir.1991).
The party pleading prescription generally has the burden of proving it. However, when a suit has prescribed on its face, claimant has the burden of proving that prescription was interrupted in some manner. Tudury v. Shoney's, Inc., 603 So.2d 228 (La. App. 4th Cir.1992), writ denied, 607 So.2d 569 (La.1992); Lynn v. Berg Mechanical, Inc., supra; Honaker v. Trahan, 573 So.2d 563 (La.App. 5th Cir.1991); Brown v. Reese, 532 So.2d 187 (La.App.2d Cir.1988).
In this case, plaintiff's claim was filed on February 4, 1992. The accident which forms the basis for the claim occurred on January 2 or 3, 1991. Because claimant had one year from the date of the accident to file her claim, the claim has prescribed on its face. Therefore, Ms. Bissic has the burden of showing that prescription was interrupted. We cannot find that she succeeded in this burden. Although she claims that her last day of work was May 30, 1991, there is no evidence contained in the record which demonstrates that her departure from employment was in any way related to the January accident. On the contrary, the medical evidence contained in the record indicates that "she went to the hospital to have some tests for evaluation of chest pain." This is the only evidence which demonstrates that she did in fact go to a hospital in April or May of 1991 as she so contends. Further, the medical evidence indicates that she visited Dr. David A. Cavanaugh, her surgeon, complaining of back and leg pain which she attributed to the treadmill test utilized in her hospital evaluation. There is simply no evidence in the record before us which demonstrates that Ms. Bissic's hospital visit or the later surgery was in any way related to the January accident so as to support her claim that her case was one involving a "developing injury" sufficient to interrupt prescription. Thus, she has failed in her burden of showing that her claim has not prescribed.
The effect of a sustained peremptory exception is that the action is dismissed. Therefore, since this action has prescribed, it is correctly dismissed with prejudice. LSA-C.C.P. Art. 934; Ubosi v. Sowela Technical Institute, 584 So.2d 340 (La.App. 3rd Cir. 1991), writ denied, 589 So.2d 1075 (La.1991).
AFFIRMED.